IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYLAN JOYNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-975-SLR-SRF |
| | ) | |
| CITY OF WILMINGTON, OFFICER | ) | |
| ROBERT FOX Individually and as a | ) | |
| police officer for the CITY OF, | ) | |
| WILMINGTON, DELAWARE, POLICE | ) | |
| OFFICER DEVON JONES Individually | ) | |
| and as a police officer for the CITY OF | ) | |
| WILMINGTON, DELAWARE, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Presently before the court in this civil rights action, brought under 42 U.S.C. § 1983, is a motion for partial dismissal of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by the defendants Officer Robert Fox ("Fox"), Officer Devon Jones ("Jones") (together with Fox, the "Officer defendants"), and the City of Wilmington ("City") (collectively, "defendants"). (D.I. 17) By way of their motion, defendants seek dismissal of plaintiff Dylan Joyner's ("Joyner" or "plaintiff") causes of action for federal civil rights violations against the City and the Officer defendants, and for assault, battery, and intentional infliction of emotional distress[1] against the Officer defendants. For the following reasons, I recommend that defendants' motion be granted-in-part and denied-in-part.

---

[1] Plaintiff's amended complaint sets forth a cause of action for intentional infliction of emotional distress at Count IV. (D.I. 13 at ¶¶ 40-41) However, the parties' briefs on the pending motion to

## II. BACKGROUND

On the evening of July 26, 2012, the Officer defendants approached plaintiff in a City of Wilmington police car as he stood on the sidewalk with others. (D.I. 13 at ¶¶ 7-8) Plaintiff avers that one of the Officer defendants yelled out, "There they are right there," as he approached plaintiff and the others. (*Id.* at ¶ 9) Plaintiff began to run, and the Officer defendants immediately pursued him. (*Id.* at ¶ 11) Plaintiff attempted to climb over a six foot high fence, but when he reached the top, one of the Officer defendants deployed a taser device without prior warning.[2] (*Id.* at ¶ 12) Plaintiff fell from the fence onto concrete, resulting in facial fractures and dental injuries. (*Id.* at ¶ 15) After plaintiff fell and wiped the blood from his mouth, the Officer defendants approached him and screamed at him to stop moving, administering another taser shock. (*Id.* at ¶ 20)

As a result of plaintiff's fall, he claims to have suffered facial fractures, facial lacerations, headaches, a fracture to his left maxillary, numerous dental injuries, a fractured right hand, and a laceration on his lower lip. (*Id.* at ¶ 21) Plaintiff received four sutures in his gums, and nine sutures in his lip. (*Id.*)

On July 24, 2014, plaintiff initiated the present action, alleging federal civil rights violations and state law causes of action for assault, battery, and intentional infliction of emotional distress against defendants and seeking monetary damages as compensation for the injuries he sustained. (D.I. 1) On August 21, 2014, defendants filed a partial motion to dismiss, seeking dismissal of plaintiff's claim for unlawful search and seizure, the right to be secure in

---

dismiss identify the cause of action as negligent infliction of emotional distress. (D.I. 18 at 16-17; D.I. 19 at 19)

[2] Plaintiff claims that, since 2009, taser manufacturer Taser International has warned law enforcement agencies of the risk of serious injury to a person who is on an elevated or unstable surface. (D.I. 13 at ¶¶ 16-17)

2

person and property, and the right to due process. (D.I. 7) Defendants' partial motion to dismiss did not seek dismissal of plaintiff's cause of action for excessive force pursuant to 42 U.S.C. § 1983. (*Id.*) On October 31, 2014, the parties stipulated to amend the complaint, and plaintiff filed an amended complaint on November 10, 2014. (D.I. 12; D.I. 13)[3] Defendants moved for partial dismissal of the amended complaint on December 3, 2014, again seeking dismissal of plaintiff's claim for unlawful search and seizure, the right to be secure in person and property, and the right to due process, but omitting plaintiff's claim for excessive force pursuant to 42 U.S.C. § 1983. (D.I. 17)

## III. LEGAL STANDARD

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

---

[3] The only change in the amended pleading was the substitution of the named defendant, Devon Jones, in place of the John Doe defendant named in the original caption and pleading.

3

When determining whether dismissal is appropriate, the court must take three steps.[4] *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must identify the elements of the claim. *Iqbal*, 556 U.S. at 675. Second, the court must identify and reject conclusory allegations. *Id.* at 678. Third, the court should assume the veracity of the well-pleaded factual allegations identified under the first prong of the analysis, and determine whether they are sufficiently alleged to state a claim for relief. *Id.*; *see also Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The third prong presents a context-specific inquiry that "draw[s] on [the court's] experience and common sense." *Id.* at 663-64; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[4] Although *Iqbal* describes the analysis as a "two-pronged approach," the Supreme Court observed that it is often necessary to "begin by taking note of the elements a plaintiff must plead to state a claim." 556 U.S. at 675, 679. For this reason, the Third Circuit has adopted a three-pronged approach. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. DISCUSSION

### A. Constitutional Claims[5] Against the Officer Defendants

Plaintiff's amended complaint alleges that "Plaintiff Dylan Joyner was deprived of his right to be free from unlawful search and seizure, unreasonable and excessive force [pursuant to 42 U.S.C. § 1983], and to be secure in his person and property and to due process of law." (D.I. 13 at ¶ 33) As a preliminary matter, the court notes that defendants did not move to dismiss plaintiff's § 1983 claim for excessive force against the Officer defendants. (D.I. 20 at 2) Instead, defendants' motion to dismiss Count II of the amended complaint pertains solely to plaintiff's claim that the Officer defendants violated plaintiff's right to be free from search and seizure, his right to be secure in his person and property, and his right to due process. (D.I. 20 at 2) Defendants contend that the Officer defendants did not violate plaintiff's right to be free from search and seizure, his right to be secure in his person and property, or his right to due process because the Officer defendants had probable cause to arrest plaintiff. (D.I. 18 at 6) Plaintiff concedes that the Officer defendants had probable cause to arrest plaintiff, and does not make any allegations in support of his claims for the right to be free from search and seizure, the right to be secure in his person or property, or his right to due process. (D.I. 19 at 5-6) ("Plaintiff's no contest plea to a misdemeanor charge of resisting arrest is not a bar to a [sic] excessive force

---

[5] Plaintiff does not clearly identify each of the constitutional claims asserted in the amended complaint, and the court cannot properly characterize those claims on plaintiff's behalf. *See Johnson v. BAE Sys., Inc.*, --- F.R.D. ----, 2013 WL 10802485, at *9 (D.D.C. Nov. 27, 2013) ("[I]t is not the duty of this Court to provide legal advice to counsel . . . ."). Plaintiff's amended complaint specifically identifies the Fourth Amendment and 42 U.S.C. § 1983 as the primary bases for his constitutional claims against defendants. (D.I. 13 at ¶¶ 1, 23, 27, 33) However, plaintiff also alleges that his "constitutional rights" were violated when defendants subjected him to "assault and battery, and intentional infliction of emotional distress." (*Id.* at ¶ 25) In addition, plaintiff asserts due process violations in the amended complaint, without specifying the basis for those constitutional claims.

claim.") Plaintiff acknowledges that his only surviving claim under § 1983 is whether the Officer defendants used excessive force in making a lawful arrest. (D.I. 19 at 5-8)

To the extent that plaintiff's amended complaint raises constitutional claims based on his right to be free from search and seizure, the right to be secure in his person and property, or his right to due process, I recommend dismissal of those claims because the parties agree that the claims are not viable.

### B. Collateral Estoppel

Defendants next contend that plaintiff's constitutional claims for the right to be free of search and seizure, the right to be secure in his person and property, and the right to due process are barred by collateral estoppel because the claims could have been raised in the state court criminal proceeding brought against plaintiff for resisting arrest. (D.I. 18 at 9-11) Plaintiff's response addresses only the amended complaint's claim against the Officer defendants for excessive force pursuant to § 1983, which was not challenged by defendants in the partial motion to dismiss. (D.I. 19 at 9) Plaintiff does not challenge defendants' argument to dismiss plaintiff's allegations of the right to be free of search and seizure, the right to be secure in his person and property, and the right to due process.

Defendants' partial motion to dismiss does not seek dismissal of plaintiff's § 1983 excessive force claim. (D.I. 20 at 2-3) Defendants do not allege that plaintiff's cause of action for excessive force is barred by collateral estoppel. The collateral estoppel issue is moot and the court need not reach defendants' arguments on this issue in light of the recommendation that plaintiff's claims be dismissed pursuant to Rule 12(b)(6) for the reasons set forth above at § IV.A, *supra*.

## C. Constitutional Claims Against The City Of Wilmington

A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom ... inflicts the injury." *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990). A government policy is established by a "decision-maker possessing final authority," and a custom arises from a "course of conduct ... so permanent and well settled as to virtually constitute law." *Id.* (citing *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must: "(1) identify an allegedly unconstitutional policy or custom; (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the 'moving force' behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights." *Holmes v. City of Wilmington*, C.A. No. 13-842-SLR, 2015 WL 467989, at *9 (D. Del. Feb. 4, 2015) (citing *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397 (1997)).

### 1. Policy

In support of their partial motion to dismiss, defendants contend that the amended complaint does not identify a specific policy established by a decision maker possessing final authority. (D.I. 18 at 12) In response, plaintiff does not point to a specific policy identified in the amended complaint. Instead, plaintiff focuses on the notice pleading standard for claims brought under § 1983 and alleges that the Third Circuit has endorsed municipal liability for policy, practice, and custom claims in numerous contexts. (D.I. 19 at 11-13)

Policy is created when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) (citing *Pembaur v. City of*

7

*Cincinnati*, 475 U.S. 469, 481 (1986)) (internal quotations omitted). After showing the existence of a policy, "the plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of County Comm'rs*, 520 U.S. 397, 404; *see also Glover v. City of Wilmington*, 966 F. Supp. 2d 417, 432 ("The unconstitutional policy or custom can only be the basis for a *Monell* violation if there is a 'causal link' between the unconstitutional policy or custom ... and the injury.").

Count I of the amended complaint fails to point to any specific policy that caused plaintiff's injury. Instead, the amended complaint generally notes a "[f]ail[ure] to establish proper policies, procedures, directives and instructions regarding the use of Taser conducted energy weapons," as well as a "failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force and arrest powers under such circumstances as presented herein." (D.I. 13 at ¶ 29(f), (h)) These allegations are insufficient to plead an unconstitutional policy pursuant to Third Circuit precedent. *See McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) ("To satisfy the pleading standard, [a plaintiff] must identify a custom or policy and specify what exactly that custom or policy was."); *Issa v. Del. State Univ.*, C.A. No. 14-168-LPS, 2014 WL 3974535, at *5 (D. Del. Aug. 11, 2014) (holding that the complaint did not adequately identify an allegedly unconstitutional policy or custom, and plaintiff failed to plead that defendants were the "moving force" behind any alleged constitutional violations); *May v. Borough of Pine Hill*, 2014 WL 2931020, at *4-5 (D.N.J. June 30, 2014) (dismissing *Monell* claim under Rule 12(b)(6) where complaint's allegations that defendants failed to follow "standard operating procedures" were too conclusory). Thus, to the extent that plaintiff's *Monell* claim is based on an allegedly unconstitutional "policy," it cannot survive a Rule 12(b)(6) motion.

## 2. Custom or Practice

Defendants further allege that the amended complaint does not sufficiently allege an unconstitutional custom or practice because the facts set forth in the amended complaint relate to a single incident. (D.I. 18 at 13-14) In response, plaintiff does not point to additional instances of excessive force in the amended complaint to establish a well-established pattern or practice. Instead, plaintiff again focuses on the notice pleading standard for claims brought under § 1983 and alleges that the Third Circuit has endorsed municipal liability for policy, practice, and custom claims in numerous contexts. (D.I. 19 at 11-13)

Customs, as opposed to policies, are "practices of state officials so permanent and well-settled as to virtually constitute law." *Wooleyhan v. Cape Henlopen Sch. Dist.*, C.A. No. 10-153, 2011 WL 4048976, at *4 (D. Del. 2011) (citing *Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000)). A plaintiff may demonstrate the existence of a custom "by showing the practice is so well-settled and widespread that the policymaking officials have either actual or constructive knowledge of it." *Id.* Although a single incident by a lower level employee acting under color of law cannot establish either an official policy or custom, "if custom can be established by other means, a single application of the custom suffices to establish that it was done pursuant to official policy and thus to establish the agency's liability." *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1983) (citing *Okla. City v. Tuttle*, 471 U.S. 808 (1985)). However, "occasional violations generally do not rise to the level of a policy or custom." *Siceloff v. Twp. of West Deer*, 2013 WL 3989427, at *12 (W.D. Pa. Aug. 2, 2013).

Plaintiff has not pleaded sufficient facts in the amended complaint to establish an unconstitutional custom or practice under § 1983 because the amended complaint only contains allegations regarding one specific factual incident, and contains no additional factual allegations

9

to establish the alleged custom or practice by other means. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (stating that a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss."). The remainder of plaintiff's allegations regarding an unconstitutional custom or practice[6] merely outline the statutory requirements of a *Monell* claim in a conclusory manner, and it is not possible to draw a reasonable inference that the City may be liable for the misconduct alleged. *See Twombly*, 550 U.S. at 555-56. Because the amended complaint fails to set forth an adequate factual basis to

---

[6] Count I of plaintiff's amended complaint sets forth plaintiff's allegations regarding an unconstitutional custom or practice as follows:

> The Defendant City of Wilmington has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more and different training, supervision, investigation or discipline in the areas of:
> a. The use of unreasonable force and excessive force, search and seizure, infliction of emotional distress, and assault and battery by police officers.
> b. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force, search and seizure, infliction of emotional distress, assault and battery, and violations of citizens' free speech rights, particularly in connection with perceived challenges to police authority.
> c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;
> d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;
> e. Police officers' use of their status as police officers to employ the use of excessive force search and seizure, intentional infliction of emotional distress, assault and battery, or to achieve ends not reasonably related to their police duties;
> f. The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force and arrest powers under such circumstances as presented herein.
> g. Providing proper instruction and training to City of Wilmington police officers with regards to the use of Taser conducted energy weapons.
> h. Failing to establish proper policies, procedures, directives and instructions regarding the use of Taser conducted energy weapons.

(D.I. 13 at ¶ 29)

sufficiently plead an unconstitutional policy, custom, or practice, I recommend that the court grant defendants' motion to dismiss the constitutional claim against the City.

### 3. Failure to Train or Supervise

Defendants contend that the amended complaint fails to state a claim for failure to train or supervise pursuant to 42 U.S.C. § 1983 because the allegations are conclusory, with no specific allegations regarding what training was deficient, how it was deficient, or whether more training was required. (D.I. 18 at 14-15) Moreover, defendants allege that the amended complaint contains no allegations establishing a pattern of constitutional violations flowing from the indifference of policy-making officials to training or discipline. (*Id.* at 15) In response, plaintiff contends that it is not necessary to plead a pattern of misconduct to state a claim for failure to train in the context of Taser use because the use of Tasers has become sufficiently widespread to warrant an assumption that officers should be trained how to use them properly. (D.I. 19 at 14-15)

A plaintiff alleges a failure to properly train or supervise employees under 42 U.S.C. § 1983 when "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris* 489 U.S. 378, 388 (1989). To show that a failure to train or supervise amounts to deliberate indifference, a plaintiff must demonstrate that "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Carter v. City of Phila.,* 181 F.3d 339, 357 (3d Cir. 1999) (citing *Walker v. City of N.Y.*, 974 F.2d 293, 297-98 (2d Cir. 1992)). A failure to train may amount to deliberate indifference "where the need for more or different training is obvious, and inadequacy [is] very likely to result in

11

violation of constitutional rights." *Carter*, 181 F.3d at 357 (citing *Canton*, 489 U.S. at 389). Furthermore, if no notice exists that the training is deficient, decision-makers cannot be said to have deliberately chosen a training program that will cause violations of constitutional rights. *See Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011).

In the case at bar, plaintiff alleges that the City has been deliberately indifferent to the need for more or different training and supervision in the areas of:

> (d) fail[ing] to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct; . . . (g) providing proper instruction and training to City of Wilmington police officers with regards to the use of Taser conducted energy weapons; [and] (h) failing to establish proper policies, procedures, directives and instructions regarding the use of Taser conducted energy weapons.

(D.I. 13 at ¶ 29) The amended complaint identifies training deficiencies specific to Taser usage that allegedly caused plaintiff's injury. *See Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1030 (3d Cir. 1991) ("A § 1983 plaintiff pressing a claim of this kind must identify a failure to provide specific training that has a causal nexus with his or her injury and must demonstrate that the failure to provide that specific training can reasonably be said to reflect a deliberate indifference to whether constitutional deprivations of the kind alleged occur.").

Reading the averments in the light most favorable to plaintiff, plaintiff's amended complaint should survive defendants' motion to dismiss based on the sufficiency of the allegations of failure to properly train the police officers on the use of Tasers. Without the benefit of discovery regarding defendants' policies on Taser training, plaintiff cannot reasonably identify the failure to train with more specificity at the pleadings stage. Plaintiff should have the opportunity to pursue such discovery. The cases relied upon by defendants are distinguishable because they were decided on the merits, following the completion of discovery. *See City of Canton*, 489 U.S. at 381 (decided after a jury trial); *Colburn*, 946 F.2d at 1030 (decided on

summary judgment); *Wolozyn v. County of Lawrence*, 396 F.3d 314 (3d Cir. 2005) (decided on summary judgment).

### D. Assault and Battery Claims Against The Officer Defendants

Defendants also seek dismissal of plaintiff's claim for assault and battery against the Officer defendants, alleging that officers may permissibly use reasonable force to effect an arrest when probable cause exists. (D.I. 18 at 15-16) Plaintiff responds that the Officer defendants used unreasonable and excessive force in the manner which they took him into custody. (D.I. 19 at 18-19)

Police officers are permitted to use reasonable force when effecting a lawful arrest. *See Smith v. Del. State Police*, 2014 WL 3360173 at *6 (Del. Super. Ct. May 15, 2014); *Mills v. City of Harrisburg*, 350 F. App'x 770, 774 (3d Cir. 2009) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995)). However, the authority to use force amounting to battery pursuant to a lawful arrest "is negated by the use of excessive force." *Groman*, 47 F.3d at 634 (citing *Edwards v. City of Phila.*, 860 F.2d 568, 572 (3d Cir. 1988). Under 10 *Del. C.* § 4011, police officers are generally immune from tort claims, but may be personally liable for acts resulting in bodily injury when the actions taken were not within the scope of their employment, or which were performed with wanton negligence or willful and malicious intent.

Although the use of reasonable force pursuant to a lawful arrest is permissible, plaintiff has sufficiently pleaded that the Officer defendants' use of force was excessive. Specifically, plaintiff's amended complaint alleges that the Officer defendants deployed a taser device without warning when plaintiff was on top of a fence, and administered a second shock when plaintiff was lying injured on the ground. (D.I. 13 at ¶¶ 12, 20) The court cannot conclude that plaintiff's claims for assault and battery should be dismissed at this stage of the proceedings because a

13

finding of excessive force pursuant to § 1983[7] would negate a police officer's privilege to commit a battery pursuant to a lawful arrest. *See Groman*, 47 F.3d at 634. Thus, I recommend that defendants' motion to dismiss the assault and battery claims against the Officer defendants be denied.

### E. Intentional Infliction of Emotional Distress[8] Against the Officer Defendants

Defendants next move to dismiss plaintiff's claim for intentional infliction of emotional distress against the Officer defendants. (D.I. 18 at 16) Plaintiff concedes that the cause of action for intentional infliction of emotional distress should be dismissed. (D.I. 19 at 19). Pursuant to the parties' agreement, I recommend dismissal of plaintiff's cause of action for intentional infliction of emotional distress.

## V. CONCLUSION

For the foregoing reasons, I recommend that the court grant-in-part and deny-in-part defendants' partial motion to dismiss plaintiff's complaint. (D.I. 17) Specifically, I recommend that the court: (1) grant defendants' motion to dismiss all constitutional claims raised against the Officer defendants, except those relating to the use of excessive force; (2) grant defendants' motion to dismiss all constitutional claims raised against the City, except those relating to failure

---

[7] Defendants expressly state that they do not challenge the sufficiency of plaintiff's cause of action for excessive force pursuant to § 1983 at this stage of the proceeding. (D.I. 20 at 2) ("Oddly, Plaintiff devotes a great deal of his Answering Brief to explaining to the Court why his claim for excessive force is not subject to dismissal . . . despite the fact that the Defendants have not moved to dismiss this claim against the individual Defendant officers.")

[8] Plaintiff concedes that dismissal of the claim for "negligent infliction of emotional distress" is appropriate. (D.I. 19 at 19) However, the amended complaint contains a cause of action for intentional infliction of emotional distress, and not negligent infliction of emotional distress. Defendants refer to the claim as intentional infliction of emotional distress on the first page of their opening brief (D.I. 18 at 1), and correctly identify it as intentional infliction of emotional distress in their reply brief. (D.I. 20) In light of the fact that references to a cause of action for negligent infliction of emotional distress appear to be typographical errors, I recommend dismissal of the cause of action identified in the amended complaint as intentional infliction of emotional distress.

14

to train; (3) deny defendants' motion to dismiss plaintiff's claims for assault and battery against Officer defendants; and (4) grant defendants' motion to dismiss plaintiff's claim for intentional infliction of emotional distress against the Officer defendants. Defendants' partial motion to dismiss does not challenge the sufficiency of plaintiff's claim for excessive force against the Officer defendants pursuant to § 1983 and, therefore, this claim survives.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: August 10, 2015

Sherry R. Fallon
United States Magistrate Judge